IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE N. TANZY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-03161-X-BH |
| | § | |
| ALEJANDRO MAYORKAS, Secretary of, | § | |
| Homeland Security,[1] | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[2] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings, evidence, and applicable law, *Defendant's Motion for Summary Judgment*, filed May 18, 2022 (doc. 61), should be **GRANTED**, and *Defendant's Motion for Sanctions for Failure to Cooperate in Discovery*, filed May 2, 2022 (doc. 57), should be **DENIED as moot.**

### I.   BACKGROUND

In this employment action, Jacqueline N. Tanzy (Plaintiff), an employee at the United States Citizenship and Immigration Services (USCIS), sues the Acting Secretary for the Department of Homeland Security (Defendant) for disability discrimination under the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq*. (*See* doc. 8.)

Plaintiff was hired in 1998 as an Immigration Services Assistant (ISA) in USCIS's Texas

---

[1] At the time this lawsuit was filed, Chad R. Wolf was the Acting Secretary of the United States Department of Homeland Security, but Andrew Saul became the Secretary of Homeland Security on February 2, 2021, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[2] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

Service Center. (doc. 63-1 at 43.)³ The ISA's primary role is to provide support to the administrative adjudication process by, among other things, conducting security checks, managing correspondence, maintaining customer support, processing documents and fees, and performing analysis on files, reports, and databases. (*Id.* at 203.) The physical demands of the role required "recurring lifting of moderately heavy items such as file tubs and record boxes or bins, weighing up to 50 lbs." (*Id.* at 207.) An individual with lifting restrictions of five pounds would not be able to perform the work functions of an ISA on a consistent basis. (*Id.* at 187-88.) There are two essential functions of an ISA: (1) to process Interagency Border Inquiry System (IBIS) security checks, which involves repetitive typing work, and (2) to transfer incoming cases into different National File Tracking System (NFTS) codes, which involves scanning barcodes on files, routing them to the proper location, and lifting crates weighing up to 30 pounds. (*Id.* at 51, 76-77.)

Beginning in 2014, Plaintiff received work accommodations for her carpal tunnel and chronic pain of the lumbar region, right hand, both hips, right knee, and left shoulder. (*Id.* at 44, 47, 51-52, 63, 186.) Her physicians placed her under lifting restrictions, which gradually increased from five to 30 pounds by September 21, 2016. (*Id.* at 70-81, 192-96.) From between July 2016 to September 2016, USCIS provided Plaintiff temporary accommodations for her medical limitations by removing the usual ISA duties from her workload. (*Id.* at 87-90, 213-14.) Because of the 10-pound lifting restriction on her left shoulder, she was reassigned to work performing fingerprints and name checks for incoming cases with a specific location code (HA 0903). (*Id.* at 74-75, 87-90, 213-14.)

---

³ Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

USCIS follows the overtime policies in its 2016 collective bargaining agreement with the American Federation of Government Employees labor union (CBA), which provides in relevant part that an employee's eligibility and qualification for overtime opportunities are determined by management. (*Id.* at 218.) It defines an "eligible employee" as one "able to perform the full range of duties needed for the overtime," and a "qualified employee" as one who "possesses the knowledge, skills and abilities necessary to perform a particular assignment." (*Id.*)

Throughout 2015 and 2016, USCIS offered voluntary overtime opportunities to its employees for available work that could not be completed within standard working hours. (*Id.* at 49-52, 172, 186.) Overtime opportunities are based on "mission need" and would only be assigned to "proficient" employees who could complete the work assignment within the allotted overtime hours. (*Id.* at 126, 172, 186). An employee interested in the overtime opportunity could submit a request for approval on a paper form or through WebTA, a time and attendance system that tracked overtime requests, approvals, and hours worked. (*Id.* at 50, 125, 127.)

Plaintiff submitted numerous requests to work overtime in 2015 and 2016. (*Id.* at 42.) In 2015, she requested and was approved for a total of 154 hours of overtime, but she only worked 36 hours. (docs. 63-1 at 91; 63-2 at 4-29.) In 2016, she submitted 11 separate requests to work a total of 168 hours of overtime, was approved for 132 hours, and worked 18 of those hours; three of her overtime requests were not approved. (docs. 63-1 at 116, 123-27, 152; 63-2 at 31-57.)

On June 16, 2016, Plaintiff submitted an overtime request on WebTA to work nine hours of overtime on July 9, 2016, but her request was denied because she was not trained on the task available for overtime work. (doc. 63-1 at 116.)

On August 3, 2016, Plaintiff submitted an overtime request on WebTA to work nine hours

3

of overtime on August 13, 2016 and nine hours on August 20, 2016. (*Id.* at 159.) Although her request was initially approved in WebTA, her supervisor later explained that the overtime request could no longer be approved because all of her assigned tasks, with the exception of verifying fingerprints and name checks for a selection of cases, had been removed from her duties based on her current reasonable accommodation restrictions. (*Id.* at 152.)

On September 9, 2016, Plaintiff responded to an announcement of current overtime opportunities by emailing her supervisors, stating that her "tentative overtime hours" for the next pay period would be nine hours on September 24, 2016 and nine hours on October 1, 2016. (*Id.* at 123-24, 153-55.) The same day, her first-line supervisor responded to her email:

> Due to your current special accommodations pending an update from your doctor, during the month July and August, 2016, you are currently under one specific assignment, the incoming HA0903 (verifying fingerprints and name checks).
>
> You have requested to work OT for PP19.
>
> Your request to work OT for PP19 is denied.
>
> There is no work available for you to complete during overtime for the HA0903 cases.

(*Id.* at 124.) Plaintiff forwarded this response to her third-line supervisor, asking for clarification as she believed that her current medical accommodation assignment fell within one of the categories of available work listed in the overtime announcement. (*Id.* at 123.) Her third-line supervisor responded that the available overtime work entailed "major NFTS Duties . . . involving files over 20 pounds." (*Id.*)

On October 13, 2016, Plaintiff contacted an Equal Employment Opportunity (EEO) counselor to complain that USCIS discriminated against her because of her disability when it

4

denied her overtime request on September 10, 2016. (*Id.* at 5, 231.) After receiving a right to file letter, Plaintiff filed a formal EEO complaint on December 12, 2016, alleging that she was denied 91 hours of overtime in 2015, and 96 hours of overtime in 2016, in violation of Section 501 of the Rehabilitation Act. (*Id.* at 232.)

On April 16, 2019, the EEOC issued a final decision that Plaintiff had failed to prove that USCIS discriminated against her. (*Id.* at 241.) The decision was affirmed on appeal by the EEOC Office of Federal Operations on September 14, 2020. (*Id.* at 252.)

Plaintiff filed this lawsuit on October 16, 2020. (doc. 3.) Her one-paragraph amended complaint alleges, in pertinent part, that USCIS's repeated denial of her overtime requests between August 2015 and October 2016, amounts to "disparate treatment-discrimination." (doc. 8 at 1.)[4]

On May 2, 2022, Defendant moved to dismiss this action in its entirety or, alternatively, to prohibit Plaintiff from introducing evidence for failing to cooperate in discovery under Rule 26(a) of the Federal Rules of Civil Procedure. (doc. 57.) It filed a supplemental brief on May 9, 2022, and Plaintiff responded on May 23, 2022. (docs. 60; 67.)

On May 18, 2022, Defendant moved for summary judgment on Plaintiff's remaining overtime denial claim. (doc. 62.) Plaintiff responded on May 25, 2022, and Defendant replied on June 7, 2022. (docs. 69-70.)

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no

---

[4] Plaintiff also initially alleged that that USCIS discriminated against her by giving her an "underrated" annual performance rating of "Achieved Expectations" and by denying her requests for reasonable accommodation. (*See* doc. 8 at 1, 3-5.) She abandoned her accommodation claim in response to Defendant's motion to dismiss for failure to state a claim, however, and the motion was granted as to her performance review claim. (*See* docs. 31 at 6; 36; 38.)

5

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant bears the burden of proof on an issue, it must "establish beyond peradventure *all* of the essential elements of the claim or defense." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (emphasis original). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325 (quotations omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[5] Although the pleadings of a *pro se* litigant

---

[5] "The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ... admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

are to be provided "a liberal construction," *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012), Rule 56 imposes no obligation for a court "to sift through the record in search of evidence to support a party's opposition to summary judgment," *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### III.    REHABILITATION ACT

Defendant moves for summary judgment on Plaintiff's remaining claims for discrimination under the Rehabilitation Act. (doc. 62 at 25-41.)

**A.    Exhaustion**

Defendant argues that Plaintiff failed to exhaust her administrative remedies with respect to any denied overtime that occurred prior to August 29, 2016, because she did not contact an EEO counselor within the 45-day counseling period. (doc. 62 at 26.)

The Rehabilitation Act provides "the exclusive remedy for a federal employee alleging disability-based discrimination." *Dark v. Potter*, 293 F. App'x. 254, 258 (5th Cir. 2008). Plaintiffs are subject to the same procedural constraints under the Rehabilitation Act, such as administrative exhaustion, that are set forth in Title VII. *See* 29 U.S.C. § 794a; *see also Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) ("A Rehabilitation Act claimant must satisfy the procedural requirements set forth in Title VII of the Civil Rights Act of 1964.").

To properly exhaust administrative remedies, a claimant must initiate contact and request informal counseling from an agency EEO counselor within 45 days of the date of the matter alleged to be discriminatory. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002); 29 C.F.R. § 1614.105(a)(1). The 45-day period "starts running when the plaintiff knows of the discriminatory *act*, not when the plaintiff perceives a discriminatory motive behind the act." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5th Cir. 1992) (emphasis original). The failure to notify the EEO counselor in a timely fashion "constitutes a failure to exhaust administrative remedies and acts as a bar to judicial pursuit of those claims," absent waiver, estoppel, or equitable tolling. *Pacheco v. Rice*, 966 F.2d 904, 905 n.11 (5th Cir. 1992). "Although a district court may evaluate whether it is proper to apply the doctrines of waiver, estoppel or equitable tolling, these doctrines are to be applied sparingly." *Howery v. Chertoff*, No. CIV.A. H-08-196, 2009 WL 890400, at *5 (S.D. Tex. Mar. 27, 2009) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002)).

To meet his summary judgment burden, Defendant points to evidence that Plaintiff initiated contact with the EEO counselor about her denied overtime on October 13, 2016. (doc. 63-1 at 20-21.) As discussed, a federal employee claiming discrimination must contact an EEO counselor

8

regarding the alleged incident "within 45 days of the date of the matter alleged to be discriminatory." *See* 29 C.F.R. § 1614.105(a)(1). Although Plaintiff's amended complaint alleges that her overtime requests were repeatedly denied between August 2015 and October 2016, any alleged incidents of discrimination that occurred more than 45 days before her initial contact with the EEO counselor, or before August 29, 2016, are not properly exhausted and cannot provide a basis for recovery in a civil suit. *See Pacheco v. Mineta*, 448 F.3d 783, 791 n.11 (5th Cir. 2006) ("Generally, discrimination claims alleging conduct that occurred more than 45 days before the initiation of administrative action (contacting an EEO counselor) are time barred in a subsequent action in federal court."); *see also Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (concluding that plaintiff's claims under the Rehabilitation Act failed as a matter of law where undisputed evidence showed that he failed to contact the EEO counselor within 45 days of the alleged discriminatory act). Defendant has met his initial summary judgment burden to show that Plaintiff has not exhausted her administrative remedies as to any denied overtime that occurred before August 29, 2016.

    The burden now shifts to Plaintiff to identify evidence in the record creating a genuine issue of material fact as to whether she timely exhausted her administrative remedies. She did not respond to Defendant's argument or point to any evidence that she timely contacted an EEO counselor about the denial of overtime requests that occurred before August 29, 2016. Because Plaintiff has failed to meet her summary judgment burden, Defendant is entitled to summary judgment on any allegations of discriminatory denied overtime that occurred prior to August 29, 2016. *See Mineta*, 448 F.3d at 791 n.11; *see, e.g., Miller v. Potter*, 359 F. App'x 535, 537 (5th Cir. 2010) (affirming summary judgment where plaintiff had failed to exhaust her administrative

remedies as to her Title VII claim because "more than forty-five days passed between the allegedly discriminatory act and [her] contact with a counselor"); *Austin v. Potter*, 358 F. App'x 602, 606 (5th Cir. 2010) ("Because Austin failed to initiate contact with an EEO officer within forty-five days, she failed to exhaust her administrative remedies, and therefore the district court properly granted summary judgment in favor of the USPS."); *Marshall v. McDonough*, No. 2:20-CV-215-M-BR, 2022 WL 17541038, at *8 (N.D. Tex. Nov. 18, 2022), *adopted by* 2022 WL 17541014 (N.D. Tex. Dec. 8, 2022) (finding employer was entitled to summary judgment on disparate treatment and hostile work environment claims based on racial discrimination where there was no genuine issue of material fact that plaintiff failed to timely report the alleged conduct of racial discrimination to an EEO counselor).

B. **Denied Overtime**

Defendant argues that he is entitled to summary judgment on Plaintiff's exhausted overtime claim because she cannot make out a prima facie case of discrimination under the Rehabilitation Act and, even if she could, there was a legitimate, non-discriminatory reason for denying her overtime request. (doc. 62 at 31.)

As discussed, the Rehabilitation Act prohibits discrimination by federal agencies against otherwise qualified individuals with disabilities. *See* 29 U.S.C. § 794(a). Discrimination claims brought under the Rehabilitation Act are governed by the standards applicable under Title I of the Americans with Disabilities Act (ADA). *See Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) ("The language in the ADA generally tracks the language set forth in the [Rehabilitation Act]," and "[j]urisprudence interpreting either section is applicable to both.").

"An employee may use direct or circumstantial evidence, or both to establish a case of

10

discrimination." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 525 (5th Cir. 2022) (quoting *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019) (quotations omitted)). In cases in which the plaintiff produces only circumstantial evidence, the *McDonnell Douglas* burden shifting framework is applied. *Id.* (citing *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973))). "The framework first requires the employee to establish a prima facie case of discrimination." *Id.* (citing *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). To establish a prima facie case of discrimination under the Rehabilitation Act, the employee must show that: (1) she has a disability; (2) she was qualified for the job; and (3) she was subject to an adverse employment decision on account of her disability. *LHC Grp., Inc.*, 773 F.3d at 697 (citation omitted).

If the plaintiff establishes a prima facie case, "a presumption of discrimination arises, and the employer must 'articulate a legitimate non-discriminatory reason for the adverse employment action.'" *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (quoting *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009). The burden then shifts back to the plaintiff to present sufficient evidence to raise a genuine issue of material fact that either (1) the employer's reason is a pretext for discrimination or (2) "the employer's reason, while true, is not the only reason for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *LHC Grp., Inc.*, 773 F.3d at 702 (quoting *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004)). "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000) (citation omitted).

### *1. Prima Facie Case*

Defendant contends that summary judgment should be granted because Plaintiff cannot bring forward evidence showing an adverse employment action on account of her disability. (doc. 62 at 34.)

An adverse action necessary to state a prima facie case of discrimination includes only "ultimate employment decisions such as hiring, granting leave, discharging, promoting, compensating, or demoting." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004)) (cleaned up). "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) (quoting *Pegram*, 361 F.3d at 282).

There is "no precedential authority in [the Fifth Circuit] establishing whether a denial of overtime constitutes an adverse employment action." *Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 397 (5th Cir. 2016). Nevertheless, the Fifth Circuit has held that the denial of overtime can amount to an adverse employment action in some circumstances. *See Johnson v. Manpower Pro. Servs., Inc.*, 442 F. App'x 977, 982 (5th Cir. 2011) (holding that denial of overtime pay was an adverse employment action because it related to the employee's compensation); *but see Hart v. Life Care Ctr. of Plano*, 243 F. App'x 816, 818 (5th Cir. 2007) (holding that a one-time denial of overtime did not rise to the level of an adverse employment action).

Here, the undisputed summary judgment evidence shows that Plaintiff's supervisors denied her September 9, 2016 request for 18 hours of overtime. (doc. 63-1 at 123-24.) It is undisputed that this request was properly exhausted, and that it is the only incident of a denied overtime request

that occurred between August 29, 2016 and October 13, 2016. Defendant argues that courts have found that the denial of a single overtime request does not constitute an adverse employment action, but Fifth Circuit "cases recognize that employment actions affecting compensation are often 'ultimate employment decisions.'" *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the denied request for 16 hours of overtime deprived Plaintiff of additional compensation, there is a genuine issue of material fact about whether she experienced an adverse employment action. *See Johnson*, 442 F. App'x at 982; *see, e.g., Davila v. FedEx Trade Systems, Inc.*, No. L-08-74, 2010 WL 346139, at *4 (S.D.Tex. Jan. 22, 2010) (finding fact issue existed as to whether plaintiff suffered an adverse employment action for prima facie case because evidence of plaintiff's loss of overtime hours "would necessarily also affect his compensation").

Plaintiff has made out a prima facie case for employment discrimination under the Rehabilitation Act sufficient to survive summary judgment. *See Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 228 (2015) (explaining how a plaintiff's burden of a prima facie at the summary judgment stage is "not onerous" and "not as burdensome as succeeding on an ultimate finding of fact as to a discriminatory employment action") (citations and quotations omitted).

### 2. *Legitimate Non-Discriminatory Reasons*

Defendant also contends that summary judgment is appropriate because there is no genuine fact issue that USCIS had a legitimate, nondiscriminatory reason for denying Plaintiff's overtime request. (doc. 62 at 39-40.)

If an employee establishes a prima facie case of discrimination, the burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions.

13

*Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). The proffered reason need not be persuasive or even credible, only legitimate and non-discriminatory. *Bodenheimer v. PPG Indus.*, 5 F.3d 955, 958 (5th Cir. 1993).

Defendant proffers evidence showing a legitimate non-discriminatory reason for denying Plaintiff's overtime request. He provides the overtime opportunities announcement, stating that overtime hours were available for NFTS work and that the determination of work assignments would be based on USCIS's service needs, (doc. 62-1 at 125-27); a copy of the CBA, which states an eligible employee for voluntary overtime must be "able to perform the full range of duties for the overtime," (*id.* at 218); and documentation of Plaintiff's medical restrictions, (*id.* at 70-81, 192-96). He also provides the emails from Plaintiff's supervisor explaining that her overtime request was denied because there was no overtime work available that she could perform based on her current medical restrictions. (*Id.* at 123-24.) Additionally, Defendant points to Plaintiff's affidavit where she acknowledged that she could not perform all of the required tasks associated with the available work designated for overtime due to her physical restrictions. (*Id.* at 50-55.)

Defendant has met his burden of production, and the burden now shifts to Plaintiff to raise a genuine issue of material fact by showing either that the proffered reasons are a pretext for discrimination, or that her protected class status was a motivating factor for the adverse employment action.

### 3. *Pretext*

Defendant argues that Plaintiff cannot provide evidence showing that the denial of overtime was based on discrimination or that reasons provided were false. (doc. 62 at 40-41.)

As discussed, to establish pretext, a plaintiff "must put forward evidence rebutting each of

the non-discriminatory reasons the employer articulates." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001). "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citation omitted) (internal quotation marks omitted). A plaintiff will not establish pretext by relying solely on her subjective belief that discrimination has occurred. *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997).

Plaintiff wholly fails to address Defendant's reasons for why her overtime requests were denied or could not be approved. Even if she believes that USCIS's reason was faulty, this does not equate to pretext. *See Bouvier v. Northrup Grumman Ship Systems, Inc.*, 350 F. App'x 917, 924-25 (5th Cir. 2009) (per curiam) ("The plaintiff has not necessarily proven pretext by showing the facts underlying the employer's reason for the adverse employment action are factually incorrect."); *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991) ("The existence of competing evidence about the objective correctness of a fact underlying a defendant's proffered explanation does not in itself make reasonable an inference that the defendant was not truly motivated by its proffered justification."). "The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1997).

Because Plaintiff has failed to carry her burden of putting forth evidence from which a reasonable trier of fact could conclude that USCIS's legitimate, non-discriminatory reason for her denial of overtime is false, and that USCIS actually discriminated against her based on her disability, Defendant is entitled to summary judgment on her Rehabilitation Act claim for

employment discrimination.[6]

## IV. MOTION FOR DISCOVERY SANCTIONS

Defendant also moves to dismiss this action in its entirety under Fed. R. Civ. P. 37(d) based on Plaintiff's alleged failure to produce initial disclosures and to appear for her deposition. (doc. 57 at 1.) Because it has been recommended that Plaintiff's remaining claim be dismissed on the merits, Defendant's motion for sanctions should be denied as moot.

## V. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**, and all of Plaintiff's remaining claims should be **DISMISSED with prejudice**. Defendant's motion for sanctions should be **DENIED as moot**.

**SO RECOMMENDED** on this 21st day of February, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6]In addition to her response to Defendant's motion, Plaintiff also filed a sur-reply without leave of court. (doc. 71.) The Local Civil Rules do not contemplate sur-replies. *See Comstock v. City of Balch Springs*, No. 3:17-CV-344-B, 2017 WL 2791113, at *1 (N.D. Tex. May 18, 2017). "[S]ur-replies are 'highly disfavored' and are permitted only in 'exceptional or extraordinary circumstances.'" *Highmark, Inc. v. Allcare Health Management Systems, Inc.*, No. 4:03-CV-1384-Y (N.D. Tex. Sept. 29, 2015) (citing *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. June 8, 2001)). A sur-reply is appropriate only when the movant attempts to present new evidence at the reply stage and the respondent seeks leave of court to file one. *Brackens v. Dallas Indep. School Dist.*, No. 3:09-CV-642-D, 2010 WL 5464823, at *5 (N.D. Tex. Sept. 20, 2010). Because Plaintiff did not seek leave to file it, her sur-reply is not considered. *See Neely v. Khurana*, No. 3:07-CV-1344-D, 2009 WL 1605649, at *3 n.4 (N.D. Tex. June 5, 2009). Even if considered, it would not have changed the findings or ultimate recommendation on the motion for summary judgment.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE